HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE CAMPBELL PET COMPANY<br><br>　　　　　　　Plaintiff,<br>　v.<br>THERESA MIALE; and TY-LIFT ENTERPRISES, a California Corporation<br><br>　　　　　　　Defendants. | Case No.  C07-5375 RBL<br><br>ORDER GRANTING DEFENDANTS MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss for lack of personal jurisdiction (Dkt. #10).  Plaintiff has filed a complaint for a Declaration of Non-Infringement and/or Invalidity of Patents against the defendants.  The defendants have moved for dismissal arguing that this Court lacks personal jurisdiction over either Theresa Miale or Ty-Lift Enterprises.  The Court has considered the materials filed in support of and in opposition to the motion, and the remainder of the file herein.

**Factual and Procedural History**

The plaintiff, Campbell Pet Company (Campbell), is located in Vancouver, Washington and employs over 40 people manufacturing and selling pet accessories and products including a mobile folding stretcher for transporting injured animals.  The defendant, Ty-Lift Enterprises (Ty-Lift) is owned and operated solely by Theresa Miale and her mother.  It is located in Rancho Santa Fe, California.  Ty-Lift also sells mobile folding stretchers for transporting injured animals.  Theresa Miale is the owner of U.S. Patent Nos. 6,199,508 (508) and 6,230,662 (662) which specifically relate to the Ty-Lift I model folding animal stretcher.  Ty-Lift operates an interactive web site on the World Wide Web where products are advertised and orders can be placed and paid for.  As of October 12, 2007, Ty-Lift had made no sales of

products to customers in Washington through its website. *Second Supplemental Declaration of Theresa Miale*, Dkt. #26, Attachment #1.

From 1999 through 2006, through means other than its website, Ty-Lift sold 12 units, either stretchers or tables, to residents in Washington totaling $13,851. *Declaration of Theresa Miale*, Dkt. #11, pg. 3. From 1999 through 2006, the average gross annual sales of Ty-Lift has been $93,600. *Supplemental Declaration of Theresa Miale*, Dkt. #12, pg. 1. From 2000 through 2002, Ty-Lift sold eight Model I units totaling $3,149 to residents in Washington. *Declaration of Theresa Miale*, Dkt. #11, pg. 3. In 2007, while attending a three day ( June 7-9) convention in Seattle, Washington, sponsored by the American College of Veterinary Internal Medicine (ACVIM) Ty-Lift took two orders for tables from residents of Virginia and New York. These sales were not completed until after the convention had concluded and Ms. Miale had returned to California. The purchase price for the two tables totaled $9,400. *Declaration of Theresa Miale*, Dkt. #11, pg. 4.

During the ACVIM convention Ms. Miale and her mother confronted several of Campbell's employees, who were also attending the convention. *Declaration of Chris Campbell*, Dkt. #16, pg. 4-5. During these confrontations, Ms. Miale and her mother accused Campbell of copying their patents, warning them that Campbell would be in trouble, that she had contacted her patent attorney and that patent attorneys and litigation were expensive. *Declaration of Chris Campbell*, Dkt. #16, pgs. 4-5. Campbell received information from the convention manager, Becky Stevens, that Ms. Miale and her mother had approached her and asked that the Campbell display be removed from the convention because it violated several Ty-Lift patents. Ms. Stevens refused, indicating she was not qualified to evaluate claims of patent infringement. *Declaration of Chris Campbell*, Dkt. #16, pg. 6

On July 11, 2007, Ty-Lift sent a letter to Campbell claiming patent infringement on the 508 and 662 patents. *Declaration of Chris Campbell*, Dkt. #16, pg. 6. In that letter Ty-Lift claimed that the Campbell mobile folding stretcher infringed upon the above mentioned patents as they related to the Ty-Lift I folding mobile stretcher. The letter asked Campbell to contact Ty-Lift if they disagreed with the infringement claims and expressed hope that an amicable solution could be reached. *Declaration of Chris Campbell*, Dkt. #16, Exh. #1.

On July 25, 2007, Campbell responded to the letter by filing suit in this Court seeking a Declaration of Non-Infringement and/or Invalidity of the patents at issue. Ty-Lift filed a motion for dismissal for lack of personal jurisdiction. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §2201 and 28 U.S.C. §§1331 and 1338 as an action arising under the Patent Laws of the United States.

**Determination of Personal Jurisdiction**

There are two recognized bases for exercising personal jurisdiction over non-resident defendants: (1) "general jurisdiction," which arises when the defendant's activities in the forum are "substantial" and sufficiently "continuous and systematic" to justify the exercise of jurisdiction over it in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998).

The Court will first take up the issue of "general jurisdiction." The level of contact with the forum state necessary to establish general jurisdiction is quite high. *See, Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984) (no general jurisdiction over foreign corporation that sent officers to forum for a negotiating session, accepted checks drawn from a forum bank, purchased equipment from the forum and sent personnel to the forum to be trained); *Congoleum Corp. v. DLW Aktiengessellschaft*, 729 F.2d 1240 (9th Cir. 1984) (foreign corporation's sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings were insufficient to assert general jurisdiction); *Zumbro Inc. v. California Natural Products*, 861 F.Supp.773 (D. Minn. 1994) (California patent holder's contacts with Minnesota insufficient to justify general jurisdiction in alleged infringer's action for declaratory judgement; holders's employees had been physically present in Minnesota on only one occasion, it made only isolated sales of its products to Minnesota customers, it had solicited sales in Minnesota by advertising in national trade journals that were distributed in Minnesota and had responded to inquiries about products); *Shute v. Carnival Cruise Lines*, 987 F.2d 377 (9th Cir. 1990) (no general jurisdiction because of insufficient contacts when non-resident corporation conducted promotional seminars in forum state, advertised in forum state, worked with forum state travel agents, and sold between 1 and 2% of its cruises to forum state residents; court also noted that non-resident corporation did not have offices in forum state, did not have exclusive agents in forum state, was not registered in forum state and paid no taxes in forum

state).

In this case, the defendants' contacts with the Washington state cannot be viewed as "substantial" or "continuous and systematic." The defendants' contact with the State of Washington has been limited to a total of 12 sales over eight years. The defendants attended one trade show in Washington in June 2007, at which time they made no sales to Washington residents. Similar to *Shute*, the defendants have no offices in Washington, no sales agents in Washington, are not registered in Washington and pay no taxes in Washington. The defendants' average yearly sales to Washington purchasers comprise approximately 2% of its total sales. For the years 1999, 2003 through 2005 and 2007, no sales at all were made to residents of Washington. The defendants' only physical connection to Washington was attending a three day trade show in June 2007. The defendants' contacts with the State of Washington since 1999 have been far fewer and more sporadic than those of the non-resident corporations noted in *Helicopteros, Congoleum* and *Zumbro*.

The plaintiff argues that general jurisdiction can be had over the defendants based upon their interactive website. The plaintiff cites *Zippo Manufacturing Co v. Zippo Dot Com Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997). In *Zippo*, the court found general jurisdiction based upon the 3,000 out of 140,000 total customers who were residents of the forum state and were actively using the non-forum defendant's website. The court also found that the defendant had service agreements with seven internet providers who were located in the forum state. *Zippo* can be differentiated from the case at hand because Ty-Lift has made no internet sales to Washington residents in the eight years it has been in existence. Furthermore, Ty-Lift does not have any contracts or other business arrangements with any companies that are based in Washington. *Declaration of Theresa Miale*, Dkt. #11, pg. 1.

For the reasons stated above, this Court does not have general jurisdiction over the defendants.

The Court will next take up the issue of "specific jurisdiction." Exploration of specific jurisdiction involves two inquiries: Whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process. *Genetic Implants Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997) (citing *Burger King Corp. v. Rudzewics*, 471 U.S. 462 (1985)). The relevant provision of the Washington long-arm statute identifying acts that may subject a defendant to jurisdiction reads as follows: "Any person, whether or not a citizen or resident of this state, who in person or through

an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts." One of the enumerated acts is the "transaction of any business within this state." *RCW 4.28.185 (1996)*. The scope of "transaction of any business" as set forth in the statute is co-extensive with the limits of due process. *Genetic Implants,* 123 F.3d at 1458. The focus of the inquiry in this case shifts to whether assertion of specific jurisdiction over Ty-Lift in Washington comports with due process. The test for determining whether specific jurisdiction comports with due process is a three part test: (1) the non-resident defendant must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protections of the laws of the forum state afforded the respective parties, and the basic equities of the situation. All three of these factors must be met. *Genetic Implant,* 123 F.3d at 1458.

      The first factor in this case is satisfied. Ty-Lift has purposefully acted and consummated transactions in the State of Washington. Ty-Lift has admittedly sold products to Washington residents and participated in a trade show in the State of Washington. The next factor proves to be more problematic. In *Zumbro*, the court found that the relationship between the defendant's contacts with the forum state and the factual issue underlying plaintiff's declaratory judgment action was either non-existent or tangential. The subject matter of the claim was the patents themselves and the material question raised was whether those patents were valid, and if so, whether the plaintiff infringed them. As a result, plaintiffs' claims neither arose out of nor related to the activities in which the defendant was engaged in order to exploit those patents, including producing and promoting products covered by the patents. *Id.* at 780. Additionally, the plaintiff claimed no injury flowing from the defendant's production, marketing and sale of its products. As a result, there was no nexus between the defendant's marketing and sale of its products in the forum state and the subject matter of the plaintiff's claims, which concerned only the patent's validity. *Id.*

      The facts of the instant case very closely mirror those in *Zumbro*. The subject matter of Campbell's

1 claim only concerns the validity of Ty-Lift's patents. The sporadic sales and marketing of Ty-Lift's
2 products in the State of Washington has no nexus with the validity of the patents at issue. There is no
3 connection between Ty-Lift's activities in the State of Washington and Campbell's current cause of action.
4 The second factor is not satisfied and thus the Court has no specific jurisdiction over the defendants.
5 Because the second factor of the specific jurisdiction test has failed, there is no need to discuss the third
6 factor. It is therefore

7     **ORDERED** that the Defendants' Motion to Dismiss (Dkt. #10) is **GRANTED.**

8     **IT IS SO ORDERED.**

9     Dated this 1st day of November, 2007.

                                                  RONALD B. LEIGHTON
                                                  UNITED STATES DISTRICT JUDGE