HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE CAMPBELL PET COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THERESA MIALE; and TY-LIFT ENTERPRISES, a California Corporation<br><br>Defendants. | Case No.  C07-5375 RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Dkt. #30). Plaintiff seeks reconsideration of this Court's Order Granting Defendant's Motion to Dismiss (Dkt. #28).

Under Local Rule 7, motions for reconsideration are disfavored, and will ordinarily be denied absent a showing of manifest error, or a new factual or legal basis which could not have been raised earlier. CR 7(h), *Local Rules W.D. Wash.*

The plaintiff, in this case, argues that the Court misapprehended its claims by failing to address the nexus between plaintiff's non-infringement claim and defendant's conduct in Washington state. The Court acknowledges that it failed to address this issue and will do so forthwith.

The plaintiff's claim centers on the defendant's conduct while attending a convention sponsored by the American College of Veterinary Internal Medicine (ACVIM).  While at such convention, the defendant confronted several of the plaintiff's employees and accused them of copying their patents, warning them that they could be in trouble, that they (defendant) had contacted a patent attorney and that patent attorney's and litigation were expensive. *Declaration of Chris Campbell,* Dkt. #16, pgs 4-5.  Additionally, the defendant had contacted the convention manager and asked that the plaintiff's display be removed because it infringed upon

their patents. *Declaration of Chris Campbell,* Dkt. #16, pgs 4-5. The plaintiff claims that these specific actions give rise to specific jurisdiction. The focus of plaintiff's claim for specific jurisdiction involves the three part inquiry related to due process laid out in *Genetic Implants Inc. v. Core-Vent Corp.,* 123 F.3d 1455 (Fed. Cir. 1997). (1) The non-resident defendant must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice. *Id.* at 1458.

The first and second factors of this test are satisfied. The defendant has acted purposefully and consummated transactions in the state of Washington. The current cause of action (claim of non-infringement) is sufficiently connected to the defendant's actions in the state of Washington. It is the third factor which is problematic in this case. In *Red Wing Shoe Company Inc. v. Hockerson Halberstadt Inc.*, 148 F.3d 1355 (Fed Cir. 1998), the court found that the sending of three cease and desist letters was insufficient to satisfy the personal jurisdiction inquiry. Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself for personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such grounds alone would not comport with principles of fairness. *Id.* at 1360-61. Standards of fairness demand that patentee's be insulated from personal jurisdiction in a distant foreign forum when its only contacts with that forum were efforts to give proper notice of its patent rights. *Id.* at 1361. In the instant case, the Court finds that defendant's actions at the ACVIM should be seen as informing the plaintiff of suspected infringement. Those actions are akin to submitting cease and desist letters. Because the third factor of the above mentioned inquiry is not satisfied, personal jurisdiction over the defendant cannot be had. It is therefore

**ORDERED** that the Plaintiff's Motion for Reconsideration (Dkt. #30) is **DENIED**

**IT IS SO ORDERED.**

Dated this 15th day of November, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE